UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PERRY ROBINSON, SR., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-2118 |
| | § | |
| STEPHEN OWENS, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

**Memorandum and Order**

Pending before the court is the magistrate judge's Memorandum and Recommendation ("M&R") (Dkt. 23) regarding the Motion for Summary Judgment of Defendants Stephen Owens and the Barbers Hill Independent School District (Dkt. 17). Plaintiff Perry Robinson, Sr., as next friend of Perry Robinson, Jr., objects to part III.B of the M&R. Dkt. 24. Having considered the motion, response, reply, the M&R, objection, and applicable law, the court is of the opinion that the M&R should be ADOPTED.

Robinson claims that defendant Stephen Owens, who is a coach at Barbers Hill Middle School in Mont Belvieu, Texas, violated the Constitutional right to bodily integrity of his son, Perry Robinson, Jr., ("Perry Jr.") when Owens urged Perry Jr. to deadlift 290 pounds even though he knew that Perry Jr. suffered from a back injury. Dkt. 19. The magistrate judge, viewing the facts in the light most favorable to the plaintiff, found that the facts did not rise to a supportable claim for a violation of the right to bodily integrity. Dkt. 23. Robinson claims that the magistrate judge's conclusion is incorrect because she relied, in part, on *Walton v. Alexander*, 44 F.3d 1297 (5th Cir. 1987), which involved harm committed by a private, third party, as opposed to harm committed by

a school official.[1]  Dkt. 24.  The M&R cites to *Walton* as a case that overruled one of the cases upon which Robinson relied, *Lopez v. Houston Independent School District*, 817 F.2d 351 (5th Cir. 1987).  In *Walton*, the Fifth Circuit determined that the conduct in *Lopez* "was not the type of restraint on personal liberty nor the type of affirmative action by the state" that supports a section 1983 claim. *Walton*, 44 F.3d at 1304 n.4.  While the court agrees that *Walton* is distinguishable from this case because it involves harm committed by a private, third party, so is *Lopez*.  The Magistrate Judge correctly relied on *Walton* to demonstrate that *Lopez* is not on point.  The Magistrate Judge also correctly relied on *Doe v. Taylor Independent School District*, 15 F.3d 443 (5th Cir. 1994) (sexual abuse by a school teacher), *Parham v. J.R.*, 442 U.S. 584, 99 S. Ct. 2493 (1979) (deprivation of liberty by institutionalization), *Ingraham v. Wright*, 430 U.S. 651, 97 S. Ct. 1401 (1977) (corporal punishment), and *Hernandez ex rel Hernandez v. Texas Department of Protective & Regulatory Services*, 380 F.3d 872 (5th Cir. 2004) (physical abuse while in foster care), in determining that the conduct here does not rise to the type of conduct found to be unconstitutional in those cases.

The court therefore finds that Robinson's objection to the M&R is without merit. Accordingly, the court **OVERRULES** Robinson's objection and **ADOPTS** the M&R in its entirety. Defendants' Motion for Summary Judgment (Dkt. 17) is **GRANTED**, and Robinson's claims, as

---

[1] Robinson urges the court to rely, instead, on *Roventi v. Pasadena Independent School District (Roventini I)*, 981 F. Supp. 1013, 1018 (S.D. Tex. 1997), *opinion vacated by* 183 F.R.D. 500 (S.D. Tex. 1998).  In *Roventini I*, Judge Atlas was considering an early motion to dismiss, not a motion for summary judgment.  Judge Atlas in fact specifically distinguished a case in which the court granted a motion for summary judgment in favor of a coach who had required a student athlete to return to a football game five minutes after being knocked unconscious, *Myers v. Troup Independent School District*, for that reason.  *Roventini I*, 981 F. Supp. at 1025 ("In *Myers*, the court ruled on a motion for summary judgment, not a pre-discovery motion to dismiss."); *see Myers v. Troup Independent School Dist.*, 895 F. Supp. 127, 128-30 (E.D. Tex. 1995).  Moreover, as noted by the defendants in their reply, the facts alleged in *Roventini I*, which involved the death of a high school athlete who allegedly was forced to work out in the Texas heat without a water break and whose coaches allegedly did not come to his aid when he collapsed from heat exhaustion, were substantially more egregious than the facts alleged here.  *See Roventini I*, 981 F. Supp. at 1016; Dkt. 21.

next friend of Perry Jr., against Barbers Hill Independent School District and Stephen Owens are

**DISMISSED WITH PREJUDICE**.

    Signed at Houston, Texas on December 8, 2010.

_____
Gray H. Miller
United States District Judge